## Lovelady v. Everett.

Nov. 19, 1940.

V. H. Jones, Judge.

White & Smith for appellant.

Richard L. Garnett and C. B. Latimer for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, R. C. Lovelady, defendant below, owned two tracts of land in Barren county on which there was a mortgage to the Federal Land Bank for $4,200. He sold one of the tracts to a Mr. Webb, who agreed to assume the obligation due the Land Bank. In September, 1939, the appellant gave Wilson Everett an option to purchase the remaining tract. The purchase price was $5,500 and the option was to be exercised in three months. It provided that Lovelady would deliver the property to Everett, free of any and all encum-

brances. The purchase price was tendered within the specified time, but Lovelady refused to make the conveyance.

This action was brought for specific performance of the sale contract. The appellant admitted signing the contract, but alleged that he told Everett that there was a Land Bank loan on the two tracts and that Webb had agreed to assume the entire loan; that the sale to Everett was conditioned upon the Land Bank's releasing the lien on the second tract; that he was an old man with failing eyesight and unable to read without his glasses, and not having his glasses he did not read the option contract; and that the option was procured by fraud, misrepresentation and mutual error.

The chancellor found for Everett and adjudged specific performance of the contract. The judgment directed that, in the event Lovelady failed to execute a general warranty deed to Everett, the special commissioner execute and deliver to Everett a deed free and clear of all encumbrances. It was directed also that the special commissioner deduct from the $5,500 to be paid by Everett (less $60 which he had paid for title insurance), the amount due the Land Bank and the costs, and that the special commissioner obtain a release of the Land Bank's lien. It was directed further that whatever remained after payment of costs be turned over to the appellant.

It is contended that specific performance of the contract in question is utterly impossible, because the Federal Land Bank, which holds the lien on the land, is not a party to the action; that the amount of the Bank's lien is not specifically set out, and that there is no evidence that the Bank will accept payment of its lien before the due date.

We think Everett made out a case for his plea of specific performance, and that the judgment to this extent was proper. Warren v. Goodloe's Ex'r, 230 Ky. 514, 20 S. W. (2d) 278. It was erroneous to decree, however, that the special commissioner satisfy the lien of the Federal Land Bank and obtain a release from the Bank, since the Bank was not a party to the cause and there is no showing that this arrangement would be agreeable to it.

Upon the return of the case the parties may, if they so desire, take the proper steps to cure the defect just mentioned.

Wherefore, the judgment is reversed.